**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Dunn, | No. CV-25-01314-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Biltmore Family Partners LLC, et al., | |
| Defendants. | |

On February 7, 2025, Plaintiff Melissa Dunn, individually and on behalf of all others similarly situated ("Plaintiff"), filed the complaint in Maricopa County Superior Court. (Doc. 1-1 at 7.)

On March 17, 2025, Plaintiff filed the first amended complaint ("FAC"). (Doc. 1-1 at 17.)

On April 18, 2025, Defendants Pearl Biltmore LLC, Morgan Group Development, LLC, and Morgan Group Property Management, LLC removed this action solely on the basis of diversity jurisdiction. (Doc. 1.)

On June 3, 2025, the parties filed a stipulation for leave to file an amended complaint (Doc. 6), which the Court denied as moot because leave to amend is not needed when filing an amended complaint with the opposing parties' written consent. (Doc. 7.)

On July 15, 2025, Plaintiff filed the second amended complaint ("SAC"). (Doc. 8.) The SAC, like the original complaint and the FAC, asserts only state law claims. The

1  SAC names only two Defendants, Pearl Biltmore LLC and Morgan Group Property
2  Management, LLC ("Defendants").

3  The Court has an independent obligation to determine whether it has subject-
4  matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).
5  Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court
6  determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the
7  action."

8  Diversity jurisdiction exists when there is complete diversity of citizenship
9  between the plaintiff and the defendants and the amount in controversy exceeds $75,000,
10 exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement
11 when "all the persons on one side of it are citizens of different states from all the persons
12 on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

13 The party seeking to invoke diversity jurisdiction has the burden of proof.
14 *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "[W]here the district court has
15 doubts about whether diversity exists, the district court may insist that the jurisdictional
16 facts be established or the case be dismissed, and for that purpose the court may demand
17 that the party alleging jurisdiction justify its allegations by a preponderance of evidence."
18 *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (cleaned up). "Absent unusual
19 circumstances, a party seeking to invoke diversity jurisdiction should be able
20 to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-*
21 *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

22 The notice of removal asserts that "[u]pon information and belief, Plaintiff is an
23 Arizona resident." (Doc. 1 ¶ 2.) However, "[i]t has long been settled that residence
24 and citizenship [are] wholly different things within the meaning of the Constitution and
25 the laws defining and regulating the jurisdiction of the . . . courts of the United States;
26 and that a mere averment of residence in a particular state is not an averment
27 of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198
28 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen

of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 858-59 (9th Cir. 2001) (emphasis added) (citations omitted). Thus, an allegation regarding a party's state of residence fails to establish his or her state of domicile for diversity purposes.

Furthermore, the notice of removal asserts that "Pearl Biltmore, LLC is a Delaware limited liability company" and "Morgan Group Property Management, LLC is a Texas limited liability company." (Doc. 1 ¶¶ 4, 8.)[1] These allegations are insufficient to establish diversity jurisdiction. An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).[2]

Thus, the members of both LLCs must be identified, and the citizenship of each member must be affirmatively alleged using the correct legal standard—the place of domicile for members who are natural individuals, the place of incorporation and principal place of business for members that are corporations, *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994), and, if any of the members are LLCs, the citizenship of each of the member LLC's members must be alleged, again using the proper legal standards.

To cure these pleading deficiencies, the Court will require Defendants to file an amended notice of removal that affirmatively states all parties' citizenship under the correct legal standards. *Star Ins. Co. v. West*, 2010 WL 3715155, *2 (D. Ariz. 2010); *see*

---

[1] The notice of removal also included similar allegations regarding defendants that were not named in the SAC and are no longer part of this litigation. The citizenship of the dropped defendants does not affect whether the Court has subject matter jurisdiction. *See, e.g.*, *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 573 (2004) (dismissal of a diversity-destroying defendant cures the jurisdictional defect).

[2] Defendants' corporate disclosure statement did not supply the missing information. (Doc. 5.)

*also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings.").

Accordingly,

**IT IS ORDERED** that Defendant shall file an amended notice of removal[3] properly stating a jurisdictional basis for this action within 14 days of the date of this order.

**IT IS FURTHER ORDERED** that if Defendant fails to file an amended notice of removal within 14 days, the Clerk of Court shall remand this action to state court without further notice.

Dated this 17th day of July, 2025.

Dominic W. Lanza
United States District Judge

---

[3] Alternatively, the parties may file a stipulation to remand this action to state court.

- 4 -